UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARIO MICHAEL RODRIGUEZ,

    Plaintiff,

v.                                                Case No. 5:22-cv-98-TKW/MJF

KATHY SERRANO, *et al.*,

    Defendants.
_____/

## ORDER

Because Plaintiff failed to comply with court orders and has failed to prosecute this case, the undersigned respectfully recommends that this action be dismissed without prejudice.

### I. BACKGROUND

On May 25, 2022, Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff's original complaint was 109-pages and was a classic example of a so-called "shotgun" pleading.

On May 27, 2022, the undersigned directed Plaintiff to amend his complaint and provided instructions on how to cure the deficiencies of the complaint. Doc. 7. The undersigned provided Plaintiff until June 27, 2022 to comply. *Id.* The undersigned warned Plaintiff that failing to comply with the order likely would result in dismissal of this action. *Id.*

On July 1, 2022, Plaintiff filed a motion for reconsideration. Doc. 10. On July 13, 2022, the undersigned denied Plaintiff's motion for reconsideration and *sua sponte* extended Plaintiff's deadline to submit an amended complaint. Doc. 11. The undersigned provided Plaintiff until August 3, 2022, to comply. *Id.* at 4.

On August 9, 2022, Plaintiff filed a notice to the clerk of the court. Doc. 15. In this notice, he advised the clerk of the court that he wanted a new *in forma pauperis* application packet and that he did not know how to voluntarily dismiss this civil rights case. *Id.*

On August 9, 2022, the undersigned provided Plaintiff a final opportunity to file a notice of voluntary dismissal that clearly stated his intention to dismiss this case or an amended complaint that complied with the undersigned's May 27, 2022 order. Doc. 16. The undersigned provided Plaintiff until August 30, 2022, to comply. *Id.* at 2. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's orders.

## II. Discussion

Local Rule 41.1 authorizes the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1. Local Rule 41.1 is consistent with Federal Rule of Civil Procedure

41(b) and embodies the court's inherent authority to dismiss a case *sua sponte* when the plaintiff fails to comply with a court rule of procedure or a court order. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. Fed. R. Civ. P. 41(b). A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991))).

Here, despite two warnings that the failure to comply with the undersigned's orders likely would result in dismissal of this action, Plaintiff has not filed an amended complaint or notice voluntary dismissal. Additionally, Plaintiff's letter to the clerk of the court suggests that Plaintiff does not intend to pursue this action. Doc. 15 at 1 (noting that he did not know how to file a notice of voluntary dismissal). This action, therefore, should be dismissed pursuant to Local Rules 41.1 and Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with court orders and failure to prosecute this action.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice for failure to comply with court orders and failure to prosecute; and

2.  Direct the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida, this 12th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**